KOCH, Appellant, vs. HUSTIS and wife, Respondents.

*March 11—April 1, 1902.*

*Deeds: Conveyance subject to prior grants: Covenants of warranty: Construction.*

Where a deed of a mill lot, granting 875 square inches of water through a described aperture in the grantor's milldam, contained full covenants of warranty, and, in the granting clause,

expressly provided that the grant was subject to the rights of
grantees under previous deeds, but there was no expressed ex-
ception recited in the covenants of warranty, the exception in
the granting clause also applies to and limits the covenants.

APPEAL from a judgment of the county court of Dodge
county: J. A. BARNEY, Judge. *Affirmed.*

For the appellant there was a brief by *Sanborn, Luse &
Powell,* and oral argument by *A. L. Sanborn.*

For the respondents the cause was submitted on the brief
of *Winkler, Flanders, Smith, Bottum & Vilas,* of counsel.

WINSLOW, J. This is an appeal by the plaintiff from a
part of the same judgment which was before this court upon
the defendant's appeal at the last term of this court. *Koch
v. Hustis, ante,* p. 599. In view of the full statement of the
case made in the opinion upon that appeal, it is unnecessary
to make an extended statement here. It is sufficient to say
that the action was brought by. the plaintiff, who is the
grantee of the defendants under a warranty deed, to recover
of the defendants two thirds of the value of certain repairs
made by him upon defendants' milldam, and damages for
failure to furnish the amount of water from said dam which
the deed assumed to convey, viz., 875 square inches through
a certain aperture in the canal or race. The deed in question
conveyed said 875 inches of water under a certain head, sub-
ject, however, to the prior right of one Cole and two other
parties to draw water from the race, which had been con-
veyed by a previous deed, which deed (as stated by appellant's
counsel) conveyed 600 inches of water. The plaintiff's deed,
after conveying said 875 inches of water subject to the rights
of Cole *et al.,* contained full covenants on the part of *John
Hustis* of seisin, quiet enjoyment, and warranty, covering the
"premises and water" described therein. The judgment ren-
dered awarded the plaintiff two thirds of the value of the
repairs made by him, but did not award him any damages for

failure to furnish the water sold, although it was undisputed that the plaintiff failed to receive all of his 875 inches of water for a number of years, on account of dry seasons and the consequent low stage of water in the river. As appears from the former opinion, the defendants appealed from the judgment against them for plaintiff's repairs, and this court reversed the judgment upon. that appeal, on the ground that there was no express covenant in the deed on the part of the defendants to make repairs, and, under the law, none could be implied. Stats. 1898, sec. 2204. A motion for rehearing was made, but we have not been convinced that our conclusions were erroneous. After that appeal was heard and decided, the plaintiff appealed from that part of the judg: ment which adjudged that the plaintiff's deed "contains no covenants as to water." The judgment itself is a simple money judgment for two thirds of the repairs and costs. It contains no specific adjudication upon the question whether the plaintiff's deed contains covenants as to water or not. Its effect is, doubtless, to finally negative the plaintiff's claim for damages for failure to furnish water; but it may, perhaps, be doubted whether its effect is to determine that the deed contains "no covenants" as to water. However, as no objection to the form of the notice is made upon this appeal, we shall assume that the notice is sufficient to bring before us the question which the present appellant desires to raise. The appellant's position, in brief, is that, while the defendants would not be liable on their covenants if the failure of water resulted from natural causes alone, yet, under the defendants' absolute covenants of seisin and warranty of 875 inches, of water, they were liable if, by reason of the prior right of another person to use 600 inches of water, the plaintiff is unable to obtain his 875 inches; in other words that, while there are words in the grant excepting the prior right of Cole *et al.* to 600 inches of water, there are no words of exception in the covenants of seisin and warranty, and hence these covenants

expressly protect the plaintiff against the possible interference of Cole's right with the plaintiff's right. We cannot think that this is a correct construction of the deed. It must be construed as a whole, and all clauses are to be given effect, if possible. The intention of the parties is to be gathered from the whole deed. These rules are trite. Great pains were evidently taken in drawing this deed to accurately define the plaintiff's rights and make them subject to the prior rights already granted. To say that, after having fully and carefully made the exception in the granting clause, the defendants intended in the next breath to warrant against the effect of the exception, seems to us as extremely improbable. The natural construction from the whole deed, as it appears to us, is, that the exception was expected by both parties to apply to the covenants as well as to the granting clauses. Giving the deed this construction, it is not claimed that the covenants have been breached.

*By the Court.*—That part of the judgment which is appealed from by the plaintiff is affirmed.